UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

IN RE:

   Stacy Z. Haskins,

                           DEBTOR.

-----------------------------------------------------X

Hearing Date: October 17, 2017

Hearing Time: 11:00 am

CASE NO.: 17-42126-nhl

Chapter: 7

JUDGE: NANCY HERSHEY LORD

## NOTICE OF MOTION FOR ORDER
## GRANTING RELIEF FROM AUTOMATIC STAY

SIRS:

     **PLEASE TAKE NOTICE** that Federal National Mortgage Association ("Fannie Mae") ("Movant") seeks relief from the automatic stay as to the property located at 150-49 116th Dr., Jamaica, NY 11432, (the "Premises") and will move before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge in the United States Bankruptcy Court for the Eastern District of New York located at 271-C Cadman Plaza East, Courtroom 3577, Brooklyn, NY 11201-1800, on October 17, 2017 at 11:00 a.m. or as soon thereafter as counsel may be heard, for an Order:

     1. Pursuant to Bankruptcy Rule 4001, 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2) granting Movant, its successors and/or assigns, relief from the Automatic Stay; and

     2. Granting Movant such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon, the undersigned counsel for the Movant seven (7) days prior to the return date of the within Motion.

Dated: July 10, 2017
Plainview, New York

Respectfully submitted,

ROSICKI, ROSICKI & ASSOCIATES, P.C.
By: Stephani A. Schendlinger, Esq.
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585

To:
Stacy Z. Haskins
Debtor – Pro Se
150-49 116 Drive
Jamaica, NY 11434

Alan Nisselson, Esq.
Trustee
c/o Windels Marx Lane & Mittendorf LLP
156 West 56th Street
New York, NY 10019

U.S. Trustee
Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
IN RE:                                                      CASE NO.: 17-42126-nhl

Stacy Z. Haskins,                                          Chapter: 7

                              DEBTOR.        JUDGE: NANCY HERSHEY LORD
--------------------------------------------------------X

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the Application, dated July 10, 2017 (the "Application"), of Federal National

Mortgage Association ("Fannie Mae") (the "Movant"), by its attorneys, Rosicki, Rosicki &

Associates, P.C., seeking an Order: (i) modifying and terminating the automatic stay to permit

the Movant to exercise all of its rights and remedies with respect to certain collateral consisting

of the real property known as 150-49 116th Dr., Jamaica, NY 11432, (the "Premises"); and ( (ii)

granting Movant such other and further relief as the Court deems just and proper; and

The Application having come before this Court to be heard on October 17, 2017; and no

opposition to the relief requested having been heard; and in consideration of the foregoing, and

upon the affidavit of service filed with the Court, the record made at the hearing on the

Application and the decision reached at the conclusion thereof; and after due deliberation, the

relief requested appearing reasonable, proper and warranted in fact and by law under Section

362(d)(1) and Section 362(d)(2) of the Code to permit Movant to exercise all of its rights and

remedies under applicable law with respect to the Premises, it is hereby

**ORDERED** that the Application of Movant is granted modifying the automatic stay to

allow Movant, its successors and/or assigns, to commence and/or continue with a foreclosure

action and eviction proceeding with respect to the Premises; and it is further

**ORDERED**, that the Trustee shall retain any and all interest the Debtors' estate may

have in any surplus monies from a foreclosure sale of the Real Property.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

     Stacy Z. Haskins

                    Debtor.

## ORDER GRANTING RELIEF FROM
## THE AUTOMATIC STAY

### ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

IN RE:                                        CASE NO.: 17-42126-nhl

Stacy Z. Haskins,                             Chapter: 7

                       DEBTOR.        JUDGE: NANCY HERSHEY LORD

-------------------------------------------------------X

## APPLICATION IN SUPPORT OF AN ORDER
## MODIFYING AND TERMINATING THE AUTOMATIC STAY

**TO:**   **THE HONORABLE NANCY HERSHEY LORD**
       **UNITED STATES BANKRUPTCY JUDGE:**

The Application of Federal National Mortgage Association ("Fannie Mae") ("Movant"),

by its attorneys, Rosicki, Rosicki & Associates, P.C., respectfully represents and says:

Stephani A. Schendlinger, Esq., an attorney at law duly admitted to practice before this

Court and the Courts of the State of New York, hereby affirms the following to be true under

penalty of perjury:

## I.    RELIEF REQUESTED

1. This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure

Rules 4001, 9013 and 9014 and Sections 361, 362(d) of Title 11 of the United States Code (the

"Bankruptcy Code"), for an Order: (i) granting Movant, its successors and/or assigns, relief from

the automatic stay due to the failure of Stacy Z. Haskins, (the "Debtor") to make payments,

and/or offer and provide Movant with adequate protection for its security interest in the property

located at 150-49 116th Dr., Jamaica, NY 11432 (the "Premises"); and (ii) granting Movant such

other and further relief as is just and proper.

## II.    BACKGROUND

2. Movant is the owner of a Note and Mortgage, dated March 11, 1991, given by Stacy

Z. Haskins, (the "Debtor") in the original principal amount of $63,000.00 pledging the Premises

as security.   Subsequently, the Debtor entered into a Loan Modification Agreement on

November 1, 2006, resulting in a new principal balance in the amount of $56,040.82. Copies of the Note, endorsed in blank, Mortgage, Loan Modification Agreement, and Assignments are annexed hereto as Exhibit "A".

    3.   As the loan became delinquent, Movant commenced a foreclosure action in the Supreme Court of the State of New York, County of Queens, on or about February 11, 2009. On February 2, 2016, a Judgment of Foreclosure and Sale (the "JFS") was entered in favor of Movant. A copy of the JFS is attached hereto as Exhibit "B".

    4.   Pursuant to the terms of the JFS, a foreclosure sale was scheduled for April 28, 2017. However, on April 28, 2017, the Debtor filed with the Clerk of this Court a petition for relief under Chapter 13 of the Bankruptcy Code. Therefore, the sale was cancelled.

    5.   Subsequently, on May 23, 2017, the case was converted from Chapter 13 of the Bankruptcy Code to Chapter 7 of the Bankruptcy Code.

## III. **THE APPLICATION**

    6. As required by E.D.N.Y Administrative Order #533, the completed motion for relief Worksheet (the "Worksheet") is annexed hereto as Exhibit "C".

    7. Based upon information provided by Movant, the Debtor is in contractual default under the terms of the Note and Mortgage for failure to make timely payments in the amount of $751.73 for the June 1, 2007 through August 1, 2014 payments, $893.28 for the September 1, 2014 through December 1, 2016 payments, and $1,118.57 for the January 1, 2017 through July 1, 2017 payments, and the loan is contractually due for June 1, 2007.

    8. That by failing to make mortgage payments, the Debtor has failed to provide Movant with adequate protection for its security, entitling Movant, its successors and/or assigns, to relief from the automatic stay. As a result, relief from stay is warranted pursuant to Section 362(d)(1).

    9.   Additionally, there is insufficient equity in the Premises.

10. Movant's total lien on the Premises as of July 3, 2017 is approximately $157,492.38.

10. According to Debtor the Premises has an estimated value of $127,858.22. A copy of Debtor's Schedule A/B, is annexed hereto as Exhibit "D".

11. Based upon the above, insufficient equity exists in this Premises and it is not necessary for the Premises to be maintained by the estate. Consequently, Movant is entitled to relief from the automatic stay so that it may proceed with the enforcement of its security interest in the Premises.

12. For the reasons stated above, the Debtor has failed to adequately protect the interest of Movant, causing Movant irreparable harm and injury.

13. Additionally, by seeking relief under Chapter 7, Debtor is not seeking to reorganize and thus, the Premises is not necessary for a successful reorganization. Therefore, relief from stay is warranted pursuant to Section 362(d)(2).

## IV.    CONCLUSION

14. Relief from the stay is warranted under Section 362(d). Accordingly, the automatic stay must be modified to permit Movant to assert its rights in the Premises, including, but not limited to, the consummation of a foreclosure sale and eviction proceedings with respect to the Premises.

**WHEREFORE**, Movant respectfully requests that an Order be granted modifying the automatic stay as to it, its successors and/or assigns, permitting maintenance of a mortgage foreclosure action and eviction proceeding with respect to the Premises; and for such other and further relief as the Court may deem just and proper.

Dated: July 10, 2017
      Plainview, New York

                              Respectfully submitted,

                              ROSICKI, ROSICKI & ASSOCIATES, P.C.
                              By: Stephani A. Schendlinger, Esq.
                              Attorneys for Movant
                              Main Office: 51 East Bethpage Road
                              Plainview, NY 11803
                              516-741-2585

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

      Stacy Z. Haskins,

                Debtor.

# NOTICE OF MOTION AND APPLICATION
# IN SUPPORT OF ENTRY OF AN ORDER VACATING STAY

**ROSICKI, ROSICKI & ASSOCIATES, P.C.**
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585

Exhibit "A"

  

**MANUFACTURERS HANOVER**

Manufacturers Hanover Trust Company

# NOTE

March 11 , 19 91          JAMAICA , NEW YORK
                              (City)          (State)

150-49 116TH DRIVE, JAMAICA, NEW YORK 11432
(Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 63,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is MANUFACTURERS HANOVER TRUST COMPANY. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 9.625 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on May 1, 19 91. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on APRIL 1, 2021, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at 100 DUFFY AVENUE, HICKSVILLE, NEW YORK 11801 or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 535.50

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected to to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be two % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which ahs not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**MULTISTATE FIXED RATE NOTE**—Single Family—FNMA/FHLMC UNIFORM INSTRUMENT

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I own under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Stacy Z. Haskins_ .....................................................(Seal)
STACY Z. HASKINS                                                  -Borrower

........................................................................(Seal)
                                                                  -Borrower

........................................................................(Seal)
                                                                  -Borrower

*(Sign Original Only)*

STATE OF NEW YORK, COUNTY OF QUEENS              ss:

On the 11th day of March, 1991, before me personally came STACY Z. HASKINS to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

_____
NOTARY PUBLIC

MITCHELL KEY KREVOR
Notary Public, State of New York
No. 41-4949183
Qualified in Queens County
Commission Expires April 03, 1991

PAY TO THE ORDER OF

WITHOUT RECOURSE
MANUFACTURERS HANOVER TRUST COMPANY

_John Marcopoulos_
JOHN MARCOPOULOS
Assistant Vice President

MANUFACTURERS HANOVER TRUST COMPANY
100 DUFFY AVENUE
HICKSVILLE, NEW YORK  11801
Attn:  RESIDENTIAL FINANCE
Sect:      52
Block:     12202
Lot:       79
County of:  QUEENS
Mortgage #:

[Space Above This Line For Recording Data]

## MORTGAGE

REEL 3129 PAGE 2332

### WORDS USED OFTEN IN THIS DOCUMENT

(A) "Security Instrument." This document, which is dated ............ March 11 ........................., 19 .91 ........, will be called the "Security Instrument."

(B) "Borrower." ............. STACY Z. HASKINS  RESIDING AT 12 CROWN ST. BROOKLYN N.Y. ......
sometimes will be called "Borrower" and sometimes simply "I" or "me."

(C) "Lender." ............. MANUFACTURERS HANOVER TRUST COMPANY ...............................
will be called "Lender." Lender is a corporation or association which exists under the laws of ...........................
....................................................................................................................................
Lender's address is .. 100 DUFFY AVENUE, HICKSVILLE, NEW YORK  11801 ..........................

(D) "Note." The note signed by Borrower and dated ............. MARCH 11 ............, 19 .91 ......, will be called the "Note." The Note shows that I owe Lender ..... SIXTY THREE THOUSAND ...................
........................................................................... Dollars (U. S. $ ...... 63,000.00 ...........) plus interest.
I have promised to pay this debt in monthly payments and to pay the debt in full by .. April 1 , 2021 ...............

(E) "Property." The property that is described below in the section titled "Description of the Property," will be called the "Property."

(F) "Sums secured." The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property" sometimes will be called the "sums secured."

### BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to Lender subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I fail to:

(A) Pay all the amounts that I owe Lender as stated in the Note;

(B) Pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 of this Security Instrument to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my other promises and agreements under this Security Instrument.

### DESCRIPTION OF THE PROPERTY

I give Lender rights in the Property described in (A) through (J) below:

(A) The Property which is located at ................... 150-49 116th Drive ................................
................................................................... [Street]
.......... JAMAICA .................................., New York ........... 11432 ............. This Property is in
................ [City]                                                      [Zip Code]
.......... QUEENS .................................................... County.  It has the following legal description:

SEE SCHEDULE A

NEW YORK—Single Family—FNMA/FHLMC UNIFORM INSTRUMENT

32 N 1087

REEL **3129** PAGE **2333**

Title No.

## SCHEDULE A

ALL that certain plot, piece or parcel of land, with the building and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of 116th Drive (formerly Fisher Avenue) distant 515 feet westerly from the northwesterly corner of 116th Drive and 155th Street (formerly Elder Avenue) as widened; running thence

NORTHERLY parallel with 155th Street, 100 feet; thence

WESTERLY parallel with 116th Drive, 20 feet; thence

SOUTHERLY parallel with 155th Street, 100 feet to the northerly side of 116th Drive and thence

EASTERLY along the northerly side of 116th Drive, 20 feet to the point or place of BEGINNING.

SAID premises are improved by a one-family dwelling.

REEL 3129 PAGE 2334

(B) All buildings and other improvements that are located on the Property described in subparagraph (A) of this section;

(C) All rights in other property that I have as owner of the Property described in subparagraph (A) of this section. These rights are known as "easements, rights and appurtenances attached to the Property";

(D) All rents or royalties from the Property described in subparagraph (A) of this section;

(E) All mineral, oil and gas rights and profits, water rights and stock that are part of the Property described in subparagraph (A) of this section;

(F) All rights that I have in the land which lies in the streets or roads in front of, or next to, the Property described in subparagraph (A) of this section;

(G) All fixtures that are now or in the future will be on the Property described in subparagraphs (A) and (B) of this section;

(H) All of the rights and property described in subparagraphs (B) through (G) of this section that I acquire in the future;

(I) All replacements of or additions to the Property described in subparagraphs (B) through (H) of this section; and

(J) All of the amounts that I pay to Lender under Paragraph 2 below.

**BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY**
I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

**PLAIN LANGUAGE SECURITY INSTRUMENT**
This Security Instrument contains uniform promises and agreements that are used in real property security instruments all over the country. It also contains non-uniform promises and agreements that vary, to a limited extent, in different parts of the country. My promises and agreements are stated in "plain language."

**UNIFORM COVENANTS**
I promise and I agree with Lender as follows:

**1. BORROWER'S PROMISE TO PAY**
I will pay to Lender on time principal and interest due under the Note and any prepayment and late charges due under the Note.

**2. MONTHLY PAYMENTS FOR TAXES AND INSURANCE**
(A) Borrower's Obligations
I will pay to Lender all amounts necessary to pay for taxes, assessments, leasehold payments or ground rents (if any), and hazard insurance on the Property and mortgage insurance (if any). I will pay those amounts to Lender unless Lender tells me, in writing, that I do not have to do so, or unless the law requires otherwise. I will make those payments on the same day that my monthly payments of principal and interest are due under the Note.

Each of my payments under this Paragraph 2 will be the sum of the following:
(i) One-twelfth of the estimated yearly taxes and assessments on the Property which under the law may be superior to this Security Instrument; plus
(ii) One-twelfth of the estimated yearly leasehold payments or ground rents on the Property, if any; plus
(iii) One-twelfth of the estimated yearly premium for hazard insurance covering the Property; plus
(iv) One-twelfth of the estimated yearly premium for mortgage insurance (if any).

Lender will estimate from time to time my yearly taxes, assessments, leasehold payments or ground rents and insurance premiums, which will be called the "escrow items." Lender will use existing assessments and bills and reasonable estimates of future assessments and bills. The amounts that I pay to Lender for escrow items under this Paragraph 2 will be called the "Funds."
(B) Lender's Obligations
Lender will keep the Funds in a savings or banking institution which has its deposits or accounts insured or guaranteed by a federal or state agency. If Lender is such an institution, Lender may hold the Funds. Except as described in this Paragraph 2, Lender will use the Funds to pay the escrow items. Lender will give to me, without charge, an annual accounting of the Funds. That accounting must show all additions to and deductions from the Funds and the reason for each deduction.

Lender may not charge me for holding or keeping the Funds, for using the Funds to pay escrow items, for analyzing my payments of Funds, or for receiving, verifying and totalling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Funds and if the law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Funds unless either (i) Lender and I agree in writing, at the time I sign this Security Instrument, that Lender will pay interest on the Funds; or (ii) the law requires Lender to pay interest on the Funds.
(C) Adjustments to the Funds
If Lender's estimates are too high or if taxes and insurance rates go down, the amounts that I pay under this Paragraph 2 will be too large. If this happens at a time when I am keeping all of my promises and agreements made in this Security Instrument, I will have the right to have the excess amount either promptly repaid to me as a direct refund or credited to my future monthly payments of Funds. There will be excess amounts if, at any time, the sum of (i) the amount of Funds which Lender is holding or keeping, plus (ii) the amount of the monthly payments of Funds which I still must pay between that time and the due dates of escrow items is greater than the amount necessary to pay the escrow items when they are due.

*page 2 of 6 pages*

If, when payments of escrow items are due, Lender has not received enough Funds to make those payments, I will pay to Lender whatever additional amount is necessary to pay the escrow items in full. I must pay that additional amount in one or more payments as Lender may require.

When I have paid all of the sums secured, Lender will promptly refund to me any Funds that are then being held by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding at that time to reduce the sums secured.

## 3. APPLICATION OF BORROWER'S PAYMENTS

Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

First, to pay late charges due under the Note;

Next, to pay prepayment charges due under the Note;

Next, to pay the amounts due to Lender under Paragraph 2 above;

Next, to pay interest due; and

Last, to pay principal due.

## 4. BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS

I will pay all taxes, assessments, and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument. I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property. I will do this either by making the payments to Lender that are described in Paragraph 2 above or, if I am not required to make payments under Paragraph 2, by making the payments on time to the person owed them. (In this Security Instrument, the word "person" means any person, organization, governmental authority or other party.) If I make direct payments, then promptly after making any of those payments I will give Lender a receipt which shows that I have done so. If I make payment to Lender under Paragraph 2, I will give Lender all notices or bills that I receive for the amounts due under this Paragraph 4.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a "lien." I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves the way in which I agree to pay that obligation; or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up; or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give Borrower a notice identifying the superior lien. Borrower shall pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

## 5. BORROWER'S OBLIGATION TO MAINTAIN HAZARD INSURANCE

I will obtain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender. I may choose the insurance company, but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable.

All of the insurance policies and renewals of those policies must include what is known as a "standard mortgage clause" to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company is called "proceeds." The proceeds will be used to repair or to restore the damaged Property unless: (A) it is not economically feasible to make the repairs or restoration; or (B) the use of the proceeds for that purpose would lessen the protection given to Lender by this Security Instrument; or (C) Lender and I have agreed in writing not to use the proceeds for that purpose. If the repair or restoration is not economically feasible or if it would lessen Lender's protection under this Security Instrument, then the proceeds will be used to reduce the amount that I owe to Lender under the Note and under this Security Instrument. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may collect the proceeds. Lender may use the proceeds to repair or restore the Property or to pay the sums secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to those delays or changes.

If Lender acquires the Property under Paragraph 19 below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the sums secured immediately before the Property is acquired by Lender or sold.

## 6. BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL ANY LEASE OBLIGATIONS

I will keep the Property in good repair. I will not destroy, damage or substantially change the Property, and I will not allow the Property to deteriorate. If I do not own but am a tenant on the property, I will fulfill my obligations under my lease. I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing.

## 7. LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY; MORTGAGE INSURANCE

If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions. Although Lender may take action under this Paragraph 7, Lender does not have to do so.

**NEW YORK**—Single Family—FNMA/FHLMC UNIFORM INSTRUMENT          Form 3833 12/83          page 3 of 6 pages

REEL3129 PAGE 2336

I will pay to Lender any amounts, with interest, which Lender spends under this Paragraph 7. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will also pay interest on those amounts at the Note rate. Interest on each amount will begin on the date that the amount is spent by Lender. However, Lender and I may agree in writing to terms of payment that are different from those in this paragraph. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

If Lender required mortgage insurance as a condition of making the loan that I promise to pay under the Note, I will pay the premiums for that mortgage insurance. I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law. Lender may require me to pay the premiums in the manner described in Paragraph 2 above.

**8. LENDER'S RIGHT TO INSPECT THE PROPERTY**

Lender, and others authorized by Lender, may enter on and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection.

**9. AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY**

A taking of property by any governmental authority by eminent domain is known as "condemnation." I give to Lender my right: (A) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (B) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender.

If all of the Property is taken, the proceeds will be used to reduce the sums secured. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, the amount that I owe to Lender will be reduced only by the amount of proceeds multiplied by the following fraction: (A) the total amount of the sums secured immediately before the taking, divided by (B) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the sums secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any of my monthly payments under the Note and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to those delays or changes.

**10. CONTINUATION OF BORROWER'S OBLIGATIONS AND OF LENDER'S RIGHTS**

**(A) Borrower's Obligations**

Lender may allow a person who takes over my rights and obligations to delay or to change the amount of the monthly payments of principal and interest due under the Note or under this Security Instrument. Even if Lender does this, however, that person and I will both still be fully obligated under the Note and under this Security Instrument.

Lender may allow those delays or changes for a person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a person for not fulfilling obligations under the Note or under this Security Instrument, even if Lender is requested to do so.

**(B) Lender's Rights**

Even if Lender does not exercise or enforce any right of Lender under this Security Instrument or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right under Paragraph 19 below to demand that I make immediate payment in full of the amount that I owe to Lender under the Note and under this Security Instrument.

**11. OBLIGATIONS OF BORROWER AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

Any person who takes over my rights or obligations under this Security Instrument will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Similarly, any person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument.

If more than one person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the sums secured. However, if one of us does not sign the Note: (A) that person is signing this Security Instrument only to give that person's rights in the Property to Lender under the terms of this Security Instrument; and (B) that person is not personally obligated to pay the sums secured; and (C) that person agrees that Lender may agree with the other Borrowers to delay enforcing any of Lender's rights or to modify or make any accommodations with regard to the terms of this Security Instrument or the Note without that person's consent.

**12. LOAN CHARGES**

If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits: (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (B) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**13. LEGISLATION AFFECTING LENDER'S RIGHTS**

If a change in applicable law would make any provision of the Note or this Security Instrument unenforceable, Lender may require immediate payment in full of all sums secured by this Security Instrument as that phrase is defined in Paragraph 19 below. If Lender requires immediate payment in full under this Paragraph 13, Lender will take the steps and may act as specified in the last paragraph of Paragraph 17 below.

page 4 of 6 pages

**14. NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT**

Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice will be addressed to me at the address stated in the section above titled "Description of the Property." A notice will be given to me at a different address if I give Lender a notice of my different address. Any notice that must be given to Lender under this Security Instrument will be given by mailing it to Lender's address stated in paragraph (C) of the section above titled "Words Used Often In This Document." A notice will be mailed to Lender at a different address if Lender gives me a notice of the different address. A notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14 or of applicable law.

**15. LAW THAT GOVERNS THIS SECURITY INSTRUMENT**

This Security Instrument is governed by federal law and the law that applies in the place where the Property is located. If any term of this Security Instrument or of the Note conflicts with the law, all other terms of this Security Instrument and of the Note will still remain in effect if they can be given effect without the conflicting term. This means that any terms of this Security Instrument and of the Note which conflict with the law can be separated from the remaining terms, and the remaining terms will still be enforced.

**16. BORROWER'S COPY**

I will be given one conformed copy of the Note and of this Security Instrument.

**17. AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

Lender may require immediate payment in full of all sums secured by this Security Instrument if all or any part of the Property, or any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may require immediate payment in full if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person. However, Lender shall not require immediate payment in full if this is prohibited by federal law on the date of this Security Instrument.

If Lender requires immediate payment in full under this Paragraph 17, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is mailed or delivered. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

**18. BORROWER'S RIGHT TO HAVE LENDER'S ENFORCEMENT OF THIS SECURITY INSTRUMENT DISCONTINUED**

Even if Lender has required immediate payment in full, I may have the right to have enforcement of this Security Instrument discontinued. I will have this right at any time before the sale of the Property under any power of sale granted by this Security Instrument or at any time before a judgment has been entered enforcing this Security Instrument if I meet the following conditions:

(A) I pay to Lender the full amount that would have been due under this Security Instrument and the Note if Lender had not required immediate payment in full; and

(B) I correct my failure to keep any of my other promises or agreements made in this Security Instrument; and

(C) I pay all of Lender's reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees; and

(D) I do whatever Lender reasonably requires to assure that Lender's rights in the Property, Lender's rights under this Security Instrument, and my obligations under the Note and under this Security Instrument continue unchanged.

If I fulfill all of the conditions in this Paragraph 18, then the Note and this Security Instrument will remain in full effect as if immediate payment in full had never been required. However, I will not have the right to have Lender's enforcement of this Security Instrument discontinued if Lender has required immediate payment in full under Paragraphs 13 or 17 above.

## NON-UNIFORM COVENANTS

I also promise and agree with Lender as follows:

**19. LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES AND AGREEMENTS**

Except as provided in Paragraphs 13 and 17 above, if all of the conditions stated in subparagraphs (A), (B) and (C) of this Paragraph 19 are met, Lender may require that I pay immediately the entire amount then remaining unpaid under this Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called "immediate payment in full."

If Lender requires immediate payment in full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs allowed by law.

Lender may require immediate payment in full under this Paragraph 19 only if all of the following conditions are met:

(A) I fail to keep any promise or agreement made in this Security Instrument, including the promises to pay when due the sums secured.

(B) Lender sends to me, in the manner described in Paragraph 14 above, a notice that states:
(i) The promise or agreement that I failed to keep;
(ii) The action that I must take to correct that default;
(iii) A date by which I must correct the default. That date must be at least 30 days from the date on which the notice is given;
(iv) That if I do not correct the default by the date stated in the notice, Lender may require immediate payment in full, and Lender or another person may acquire the Property by means of foreclosure and sale;
(v) That if I meet the conditions stated in Paragraph 18 above, I will have the right to have Lender's enforcement of this Security Instrument discontinued and to have the Note and this Security Instrument remain fully effective as if immediate payment in full had never been required; and
(vi) That I have the right in any lawsuit for foreclosure and sale to argue that I did keep my promises and agreements under the Note and under this Security Instrument, and to present any other defenses that I may have.

page 5 of 6 pages

REEL 3129 PAGE 2338

(C) I do not correct the default stated in the notice from Lender by the date stated in that notice.

**20. LENDER'S RIGHTS TO RENTAL PAYMENTS AND TO TAKE POSSESSION OF THE PROPERTY**

If Lender requires immediate payment in full, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. If Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 20, I agree that the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Security Instrument.

If there is a judgment for Lender in a lawsuit for foreclosure and sale, I will pay to Lender reasonable rent from the date the judgment is entered for as long as I occupy the Property. However, this does not give me the right to occupy the Property.

All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 20, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the sums secured. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees and the cost of any necessary bonds.

**21. LENDER'S OBLIGATION TO DISCHARGE THIS SECURITY INSTRUMENT**

When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. I will not be required to pay Lender for the discharge, but I will pay all costs of recording the discharge in the proper official records.

**22. AGREEMENTS ABOUT NEW YORK LIEN LAW**

I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Security Instrument is recorded, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, I will: (A) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or work before I use them for any other purpose. The fact that I am holding those amounts as a "trust fund" means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Paragraph 22.

**23. RIDERS TO THIS SECURITY INSTRUMENT**

If one or more riders are signed by Borrower and recorded together with this Security Instrument, the promises and agreements of each rider are incorporated as a part of this Security Instrument. [Check applicable box(es)]

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ 2–4 Family Rider
☐ Graduated Payment Rider ☐ Planned Unit Development Rider
☒ Other(s) [specify]

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in pages 1 through 6 of this Security Instrument and in any rider(s) signed by me and recorded with it.

Witness:

_____    _Stacy Z. Haskins_____ (Seal)
                                                                                          —Borrower
                                             STACY Z. HASKINS

_____ (Seal)
                                                                                          —Borrower

[Space Below This Line For Acknowledgment]

STATE OF NEW YORK, COUNTY OF QUEENS                ss:
on the 11th day of March, 1991, before
me personally came

STACY Z. HASKINS to me known to be
the individual described in and who executed
the foregoing instrument and acknowledged that
she executed the same.

_____
NOTARY PUBLIC

MITCHELL KEY KREVOR
Notary Public, State of New York
No. 41-4849183
Qualified in Queens County
Commission Expires April 03, 1991

page 6 of 6 pages

 **MANUFACTURERS HANOVER**

Manufacturers Hanover Trust Company

# RIDER TO MORTGAGE

I further promise and agree with the Lender as follows:

### 24. CHANGES AND ADDITIONS TO THE MORTGAGE
This Rider makes certain changes and additions to the attached Mortgage. Whenever the terms, conditions and promises contained in the Mortgage (Paragraphs 1 to 23) differ or are in conflict with this Rider, the provisions of this Rider will control.

### 25. TAXES AND INSURANCE
All references made in the Mortgage to taxes, assessments and ground rents shall be deemed to include sewer rent and water charges and all references to hazard insurance shall be deemed to include flood insurance.

### 26. FLOOD INSURANCE
I will obtain flood insurance if I am advised that the Secretary of Housing and Urban Development has determined that the property is in an area that has been designated as having "special flood hazards." The minimum flood insurance that I will obtain will be an amount equal to the unpaid principal balance due on the mortgage or the maximum flood insurance obtainable by me on the property under the National Flood Insurance Program, whichever is less.

### 27. LENDER'S RIGHTS TO INSURANCE PROCEEDS IN THE EVENT OF LOSS
The fifth, sixth and seventh unnumbered subparagraphs of Paragraph 5(A) of the Mortgage are changed to read as follows:
"The amount paid by the insurance company is called "proceeds". The Lender, upon receipt of proceeds, may use the proceeds to reduce the amount I owe to Lender under the Note and under this Mortgage (whether or not repairs have been made by me), or Lender may release the proceeds to me for use in the repair or restoration of the damaged Property."

### 28. INTEREST ON AMOUNTS SPENT BY LENDER TO PROTECT THE PROPERTY OF LENDER'S RIGHTS IN THE PROPERTY
I agree to pay interest at the same rate stated in the Note or at the highest rate that the law allows, whichever is higher, on all amounts that I must repay Lender which Lender may spend to protect the Property or Lender's rights in the Property, all as described in Paragraph 7 of the Mortgage.

### 29. NOTICE TO BORROWER
Lender is not required to give me any notice before taking any action to protect the Property or Lender's Rights in the Property or to make an inspection of the Property.

30. Paragraph numbered 9 on the Mortgage is changed to read as follows while this rider is effective:

### "9. AGREEMENTS ABOUT CONDEMNATION OF THE PROPERTY
A taking of property by any governmental authority by eminent domain is known as 'condemnation.' I give to Lender my right: (a) to proceeds of all awards or claims for damages resulting from condemnation or other governmental taking of the Property; and (b) to proceeds from a sale of the Property that is made to avoid condemnation. All of those proceeds will be paid to Lender.

Unless Lender and I agree otherwise in writing, if all or any part of the Property is taken, the proceeds will be used to reduce the amount that I owe to Lender under the note and under this mortgage. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me.

If I abandon the Property, or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, the Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the amount that I owe to Lender under the Note and under this Mortgage. The 30-day period will begin on the date the notice is mailed or, if it is not mailed, on the date the notice is delivered.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Note, that use will not delay the due date or change the amount of any monthly payments under the Note and under Paragraphs 1 and 2 above. However, Lender and I agree in writing to those delays or changes.

### CONDEMNATION OF COMMON AREAS OF PUD
If the Property includes a unit in a PUD, the promises and agreements in this Paragraph 9 will apply to a condemnation, or sale to avoid condemnation, of the PUD's common areas and facilities as well as of the Property."

**31. AGREEMENTS ABOUT LENDER'S RIGHT IF THE PROPERTY IS SOLD OR TRANSFERRED**

Paragraph 17 of the Mortgage is changed to read as follows:

"The whole of the principal sum hereby secured, and the accrued interest thereon, shall become due and payable at the option of the Lender in the event of the sale, conveyance or any transfer by operation of law of the title to the Property by the Borrower."

**32. LENDER'S RIGHTS IF BORROWER FAILS TO KEEP PROMISES** REEL **3129** PAGE **2340**

Paragraph 19 of the Mortgage is changed to read as follows:

"If I fail to keep any promise or agreement made in this Mortgage, including the promises to pay when due the amounts I owe to Lender, the Lender may require the I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment in Full."

If Lender requires Immediate Payment in Full, I agree to pay interest on the entire amount remaining unpaid at the rate stated in the Note or at the highest rate then permitted by law, whichever is higher, from the date I failed to keep any promise or agreement made in the Note or in the Mortgage.

If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and to have the Property sold. At the sale, Lender or another person, may acquire the Property. This is known as "Foreclosure and Sale".

If you start a foreclosure action, you may ask the court to appoint a Receiver to look after the Property and to collect rents from any tenants on the Property. This action may be taken without prior notice to me and without reference to the value of the Property. If I occupy all or any part of the Property, then the Receiver may collect a reasonable charge from me for use and occupancy.

If an action is commenced to foreclose this Mortgage and there is a sale at foreclosure, I agree that the Property may be sold in one parcel. You may ask an attorney either to foreclose this Mortgage, to collect money I owe under the Note and this Mortgage, or to enforce any of the promises I have made. If you do so, you may add all reasonable legal fees, costs, allowances and disbursements to the amount I owe you, together with interest at the rate specified in the Note."

**33. DEFENSE OF YOUR RIGHTS**

If you have to defend your rights under the Note and this Mortgage, then any money you have to pay (including reasonable fees of lawyers) shall be added to the amount I owe you. I shall pay this money promptly, at your request, together with interest at the rate specified in the Note.

**34. NO RIGHT TO DISCONTINUANCE OF LAWSUIT**

Paragraph 18 of the Mortgage will not be effective.

**35. LENDER'S RIGHTS TO RENTAL PAYMENTS FROM ME**

The following subparagraph is added to Paragraph 20 of the Mortgage:

"If I fail to make my payments or keep promises under this Mortgage or the Note, then I shall pay monthly in advance to you or any Receiver a fair charge for the use of the Property that I occupy. If I do not pay this fair charge, you or the Receiver may sue to collect it or to remove me, or both.

I will not collect more than one (1) month's rent in advance from any tenant or occupant without your written consent."

**36. STATEMENT OF AMOUNT DUE AND OF NO DEFENSE**

Within ten days after request, I will give the Lender a signed written statement, acknowledged before a notary indicating the amount due under the Note and the Mortgage and stating whether I have any claims or defenses which would offset or reduce this amount.

**37. LATE CHARGE FOR OVERDUE PAYMENT**

If the Lender has not received the full amount of my monthly payments by the end of fifteen calendar days after the date it is due, I will pay late charges to the Lender. The amount of the charge will be 2% of my overdue payment of each month it is overdue, or such rate as may be legally imposed at the time of imposition.

**38. ADDITIONAL CHARGES**

Paragraph 21 of the Mortgage is changed to read as follows:

"I agree to pay all reasonable charges in connection with the servicing of this loan including but not limited to obtaining tax searches and bills and in processing insurance loss payments, ownership transfers, releases, easements, consents, extentions, modifications, special agreements, assignments, reduction certificates and satisfaction of mortgage."

**39. CHANGE IN LAW**

If any law is passed which changes or affects the taxation of mortgages or mortgage debts or the collection of such taxes, then you may request that I pay you all the moneys I owe you. If requested by you, I agree to pay all the moneys I owe you under the Note and this Mortgage within thirty (30) days after you give me notice of the passage of such a law.

**40. VIOLATIONS AFFECTING PROPERTY**

If I receive notice from you or any governmental body that the property, or my use, occupation or maintenance of that Property, violates any law or governmental regulation, then I agree to correct such violation within ninety (90) days.

### 41. FAILURE OF VETERANS ADMINISTRATION TO ISSUE GUARANTEE

If this loan is a VA loan, the principal plus interest is required to be guaranteed by the United States of America, Veterans Administration. If the principal and interest are not guaranteed by the Veterans Administration as required, Lender shall have the right to give the Borrower a 30-day written notice demanding immediate Payment in Full. If such notice is given, the entire amount remaining unpaid under the Note and under the Mortgage is to be paid at the expiration of the 30-day period.

### 42. LENDER'S RIGHT TO COMMINGLE FUNDS

Paragraph 2A of the Mortgage obligates me to make monthly payments to the Lender for taxes, insurance, assessments, ground rents, sewer rents and water charges, and hazard, flood and mortgage insurance, if any. I understand the Lender will not hold these funds separate and apart from any other funds that it has and that the Lender will not hold these funds in trust for me for any reason.

### 43. CHANGING THIS MORTGAGE

Except as described in Paragraph 49, this Mortgage may be changed only if you and I both give our written consent.

### 44. CHANGE IN OWNERSHIP OF PROPERTY, NOTE OR MORTGAGE

Personal representatives and anyone to whom the Property under this Mortgage is transferred shall be bound by and shall have the benefit of all of the terms of the Note and this Mortgage. If the Note and/or this Mortgage are transferred to someone else, that holder shall be bound by and shall have the benefit of all of the terms of the Note and this Mortgage, except as described in Paragraph 49.

### 45. PURCHASE MONEY MORTGAGE

This is a Purchase Money Mortgage which means that a portion of the loan proceeds was used to pay for the purchase of the Property.

### 46. The first and second sentences of paragraph 2(B) are deleted.

### 47. ADDITIONAL SECURITY FOR LOAN

To protect the Lender in the event of a default of any of the terms of this mortgage or this mortgage or the note it secures, I hereby give to the lender a security interest in my savings and/or checking account or other property of mine coming into the lender's possession. The lender can apply this property against what I owe it.

### 48. OTHER AGREEMENTS WITH LENDER

I will be in default and the lender can require that I immediately pay the entire unpaid principal balance of the loan and interest owed with notice or demand to me if I break any agreement or promise I have made in any other agreement with the Bank.

### 49. RIDER VOID IF MORTGAGE SOLD TO FNMA, GNMA OR FHLMC

If the Federal National Mortgage Association (FNMA), Government National Mortgage Association (GNMA), Federal Home Loan Mortgage Corporation (FHLMC) Or any other person, partnership, company or corporation buys all or some of the Lender's rights under the Mortgage and the Note, or, in any other event, if the Noteholder in writing so elects, the promises and agreements in this Rider will no longer have any force of effect; except for paragraph 37 hereof.

This Rider is a part of the attached Mortgage and by signing below, I agree to all of the above.


_Stacy Z. Haskins_

Borrower    STACY Z. HASKINS

31556N  5/90

Borrower



REEL 3129 PAGE 2342

ABSTRACT ENTERPRISES INC.
105 COURT STREET
BROOKLYN, NEW YORK 11201

MORTGAGE

TITLE NO.

STACY Z. HASKINS

TO

MANUFACTURERS HANOVER
TRUST COMPANY

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
COMMONWEALTH LAND TITLE INSURANCE
COMPANY

SECTION 52
BLOCK 12202
LOT 79
COUNTY OR TOWN QUEENS
PREMISES: 150-49 116TH DRIVE, JAMAICA
Recorded at Request of COMMONWEALTH LAND
TITLE INSURANCE COMPANY

RETURN BY MAIL TO:

MANUFACTURERS HANOVER TRUST
100 DUFFY AVENUE
HICKSVILLE, NEW YORK 11801
ATT: RESIDENTIAL FINANCE Zip No.

RECORDED IN QUEENS COUNTY

91 MAR 15 PM 1:06

CITY REGISTER

MAR 15 1991

CR26451

**NEW YORK**

COUNTY OF    QUEENS

REEL 4 9 3 4 PG 1 3 7 3

WHEN RECORDED MAIL TO:
Principal Portfolio Services, Inc.
3431 S. Harbor Blvd., Suite 203
PO BOX 23073
Santa Ana, CA 92704-6931
Prepared By:   Evelia Barba, Principal P42
3431 S. Harbor Blvd., Suite 203, Santa Ana, CA 92704

## Assignment of Mortgage

For Value Received,  THE CHASE MANHATTAN BANK SUCCESSOR BY MERGER TO MANUFACTURERS HANOVER TRUST COMPANY

whose address is  280 OLD WILSON BRIDGE ROAD, WORTHINGTON, OH 43085

does hereby grant, sell, assign, transfer and convey, unto  CHEMICAL MORTGAGE COMPANY, AN OHIO CORPORATION,

a corporation organized and existing under the laws of the United States (herein "Assignee"), whose address is
200 OLD WILSON BRIDGE ROAD, WORTHINGTON, OH 43085-8800

a certain mortgage dated       3/11/91       , made and executed by           STACY Z. HABIONS

Property Address: 159-49 116TH DR, JAMAICA, NY 11434
to and in favor of  MANUFACTURERS HANOVER TRUST COMPANY

upon the following described property situated in        QUEENS        County, State of New York.

such Mortgage having been given to secure payment of          $63,000.00          which mortgage was recorded on
3/18/91      in Book, Volume, or Liber No.        3129      , at Page       2232      , under Filing Number
, together with the note(s) and obligations therein described and the money due and to become due
thereon with interest, and all rights accrued or to accrue under such Mortgage.
This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within
the secondary mortgage market.
Section:                      Block:        12292        Lot:         78
PIN:  12292 0078

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns, forever, subject only to the terms and
conditions of the above-described mortgage.

Dated:  3/2/96 _____          THE CHASE MANHATTAN BANK SUCCESSOR BY MERGER TO MANUFACTURERS
HANOVER TRUST COMPANY
200 OLD WILSON BRIDGE ROAD, WORTHINGTON, OH 43085

By: _____
JOHN BARREN
VICE PRESIDENT

STATE OF    OHIO                                    )
                                                    )   SS
COUNTY OF    FRANKLIN                               )

On _____ 3/2/96 _____ before me personally came
JOHN BARREN
to me known, who, being by me duly sworn, did depose and say that he/they resides in
200 OLD WILSON BRIDGE ROAD, WORTHINGTON, OH 43085
that he/they is/are the                       VICE PRESIDENT                       of the
THE CHASE MANHATTAN BANK SUCCESSOR BY MERGER TO MANUFACTURERS HANOVER TRUST COMPANY
the corporation described in and which executed the above instrument; and that he/they signed
his/their name(s) thereto by authority of the board of directors of said corporation.
WITNESS my hand and official seal

_Rochelle Morgan_
NOTARY PUBLIC                    ROCHELLE MORGAN
My commission expires

ROCHELLE MORGAN
NOTARY PUBLIC-STATE OF OHIO
MY COMMISSION EXPIRES
JUNE 24, 2007

CITY REGISTER RECORDING AND ENDORSEMENT PAGE
- QUEENS COUNTY -
(This page forms part of the instrument)

Block(s)  12202
Lot(s)  79

Record & Return to:
Title/Agent to:
Title Company

Principal Portfolio Services, Inc.
3631 South Harbor Blvd., Suite 200
Santa Ana, CA 92704

THE FOREGOING INSTRUMENT WAS ENDORSED FOR THE RECORD AS FOLLOWS:

Examined by (s#)

City Register
Serial Number    053307

Mtge Tax Serial No.
Mtge Amount  $
Taxable Amount  $

Indexed
By (s#)

Verified
By (s#)

Exemption (✓)    YES ☐    NO ☐

Type:

Block(s) and Lot(s) verified by (✓)
Address ☐    Tax Map ☐
Extra Block(s)    Lot(s)

Dwelling Type:    [1 = 2]    [3]    [4 = 6]    [6 = ]

TAX RECEIVED ON ABOVE MORTGAGE ▼

County (Basic)  $
City (Add'l)  $
Spec Add'l  $
TASF  $
MTA  $
NYCTA  $
TOTAL TAX  $

Apportionment Mortgage (✓)    YES ☐    NO ☐

Recording Fee  $
Affidavit Fee ......(O)  $
TP-584/RP Fee ..(Y)  $
RPTT Fee .........(R)  $
HPD-A ☐    HPD-C ☐

New York State Real Estate Transfer Tax ▼
$
Serial Number ➡

New York City Real Property Transfer Tax
Serial Number ➡

New York State Gains Tax
Serial Number ➡

Jay A. Bobroe, City Register

RECORDED IN QUEENS COUNTY
OFFICE OF THE CITY REGISTER

98 AUG -4  PM 2:59

Witness My Hand and Official Seal

City Register

70180550          007407944

## CITY REGISTER RECORDING AND ENDORSEMENT PAGE
### - QUEENS COUNTY -
*(This page forms part of the instrument)*

REEL 5668 PG 1271

Block(s): __12202__

Lot(s): __79__

Title/Agent Company Name:

Title Company Number:

**RECORD & RETURN TO:**

NAME ▼
DRUCKMAN, RAPHAN + SINEL

ADDRESS ▼
7 PENN PLAZA - 8th FL.

CITY ▼          STATE ▼      ZIP ▼
NEW YORK        NY          10001

---

**OFFICE USE ONLY — DO NOT WRITE BELOW THIS LINE**

**THE FOREGOING INSTRUMENT WAS ENDORSED FOR THE RECORD AS FOLLOWS:**

Examined by (✓): _____ MC _____

| | |
|---|---|
| Mtge Tax Serial No. | |
| Mtge Amount | $ |
| Taxable Amount | $ |

Exemption (✓) .... YES ☐    NO ☐

Type: _____ 3968 ☐    255 ☐    OTHER _____

Dwelling Type: (1 to 2)    (3)    (4 to 6)    (over 6)

**TAX RECEIVED ON ABOVE MORTGAGE ▼**

| | |
|---|---|
| County (basic) | $ |
| City (Add'l) | $ |
| Spec Add'l | $ |
| TASF | $ |
| MTA | $ |
| NYCTA | $ |
| **TOTAL TAX** | $ |

Apportionment Mortgage (✓)    YES ☐    NO ☐

City Register
Serial Number ➤        087190

| Indexed By (✓): | Verified By (✓): |
|---|---|

Block(s) and Lot(s) verified by (✓):

Address ☑        Tax Map ☐

Extra Block(s) _____    Lot(s) _____

| | | |
|---|---|---|
| Recording Fee | $ 42 | |
| Affidavit Fee (C) | $ | OTHER MTGE 0312    42.00 |
| TP-584/582 Fee (Y) | $ | LB/TL CSHR RECPT DATE TIME |
| RPTT Fee (R) | $ | 4-2   2  8069  Sep 6-00 14:43 |

HPD-A ☐          HPD-C ☐

New York State Real Estate Transfer Tax ▼

$

Serial Number ➤

New York City Real Property Transfer Tax Serial Number ➤

New York State Gains Tax Serial Number ➤

---

### RECORDED IN QUEENS COUNTY OFFICE OF THE CITY REGISTER

2000 SEP -6 P 2: 18

Witness My Hand and Official Seal

City Register

25 × ☐

REEL 5668 PG 1272

## ASSIGNMENT OF MORTGAGE

KNOW THAT

Chemical Mortgage Company n/k/a Chase Mortgage Company
, assignor,

with offices at:    200 Old Wilson Bridge Rd., Worthington, OH. 43085

in consideration of $1.00                                                                    dollars,
and other valuable consideration

paid by    Citimortgage, Inc.

with offices at:    27555 Farmington Rd., Farmington Hills, MI. 48334

hereby assigns unto the assignee,                                    , assignee,

Mortgage dated the 11th day of March, 1991, made by

Stacy Z. Haskins

to

Manufacturers Hanover Trust Company

in the principal sum of $63,000.00 and recorded on the 15th day of March , 1991
in Liber 3129 of Mortgages, page 2332, in the Office of the Clerk of the County of
Queens covering premises

**See Schedule "A" annexed hereto.**

Premises commonly known as:  150-49 116th Drive, Jamaica, NY 11434

SECTION: 52  BLOCK: 12202  LOT: 79
This assignment is not subject to the requirements of RPL §275 as it is an assignment
within the Secondary mortgage market.

TOGETHER with the bond or note or obligation described in said mortgage, and the
moneys due and to grow due thereon with the interest; TO HAVE AND TO HOLD the
same unto the assignee and to the successors, legal representatives and assigns of the
assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or
"assignees" whenever the sence of this instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment the 27th day
of  June     , 2000.

IN PRESENCE OF:

                                                        Key Downer
                                                        Assignor
                                                        Key Downer
                                                        Asst Vice President

25×

REEL5668PG1279

| STATE OF , COUNTY OF ss: | STATE OF , COUNTY OF ss: |
|---|---|
| On the day of , 2000 before me personally came | On the day of , 2000 before me personally came |
| to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that executed the same. | to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that executed the same. |

State of Michigan
County of Oakland

| STATE OF , COUNTY OF ss: | STATE OF , COUNTY OF ss: |
|---|---|
| On the day of , 2000 before me personally came to me known, who, being by me duly sworn, did depose and say that he resides at No. | On the day of , 2000 before me personally came to me known, who, being by me duly sworn, did depose and say that he resides at No. |
| that he is the of | that he is the Kay Downer of Asst Vice President |
| . the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument in such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed h name thereto by like order. | . the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument in such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed h name thereto by like order. |

*Mary B. Healy*

MARY B. HEALY
Notary Public, Oakland County, MI
My Commission Expires Dec 17, 2001

SECTION      52

BLOCK        12202

LOT          79

COUNTY OR TOWN      Queens

*Assignment of Mortgage*
WITHOUT COVENANT

Recorded At Request of
DRUCKMAN, RAPHAN & SINEL

Chemical Mortgage Company n/k/a Chase
Mortgage Company

RETURN BY MAIL TO:

TO

**DRUCKMAN, RAPHAN &
SINEL**

Citimortgage, Inc.

7 Penn Plaza, 8th Floor
New York, NY 10001
(212) 268-2685

25×

REEL5668PG1274

## UNIFORM FORM CERTIFICATE OF ACKNOWLEDGMENT

STATE OF      State of Michigan

COUNTY OF    County of Oakland

On the 5th day of June in the year 2000 before me, the undersigned, a Notary Public in and for said State, personally appeared Mary B. Healy, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Signature and Office of Individual
taking acknowledgment

MARY B. HEALY
Notary Public, Oakland County, MI
My Commission Expires Dec. 17, 2001

25x

If, when payments of escrow items are due, Lender has not received enough Funds to make those payments, I will pay to Lender whatever additional amount is necessary to pay the escrow items in full. I must pay that additional amount in one or more payments as Lender may require.

When I have paid all of the sums secured, Lender will promptly refund to me any Funds that are then being held by Lender. If, under Paragraph 20 below, either Lender acquires the Property or the Property is sold, then immediately before the acquisition or sale, Lender will use any Funds which Lender is holding at that time to reduce the sums secured.

**3. APPLICATION OF BORROWER'S PAYMENTS**
Unless the law requires otherwise, Lender will apply each of my payments under the Note and under Paragraphs 1 and 2 above in the following order and for the following purposes:

REEL 5668 PG 1275

ⁿᵉᵉ9129 ᵖᵃᵍᵉ2333

Title No.

SCHEDULE A

ALL that certain plot, piece or parcel of land, with the build-
ing and improvements thereon erected, situate, lying and being in
the Borough and County of Queens, City and State of New York,
bounded and described as follows:

BEGINNING at a point on the northerly side of 116th Drive
(formerly Fisher Avenue) distant 515 feet westerly from the
northwesterly corner of 116th Drive and 155th Street (formerly
Elder Avenue) as widened; running thence

NORTHERLY parallel with 155th Street, 100 feet; thence

WESTERLY parallel with 116th Drive, 20 feet;  thence

SOUTHERLY parallel with 155th Street, 100 feet to the northerly
side of 116th Drive and thence

EASTERLY along the northerly side of 116th Drive, 20 feet to the
point or place of BEGINNING.

SAID premises are improved by a one-family dwelling.

25 × Π

REEL 6536 PG 1429

# CITY REGISTER RECORDING AND ENDORSEMENT PAGE
## COUNTY OF ▶ QUEENS
### THIS PAGE FORMS PART OF THE INSTRUMENT

| TOTAL NUMBER OF |
|---|
| PAGES IN DOCUMENT |
| (INCLUDING THIS PAGE) ▶ |

| Block ▼ | Lots - ONLY IF ENTIRE LOT ▼ | Partial Lots ▼ |
|---|---|---|
| 12202 | 79 | NO |

| Premises ▼ |
|---|
| 150-49 116TH DR, JAMAICA, NY  11434 |

| Title/Agent Company Name ▼ |
|---|

| Title Company Number ▼ |
|---|

When recorded return to:
**Contemporary Realty Solutions**
Attn: Theresa Chojnowski
626 N. French Rd. Suite 4
Amherst, NY 14228 (716) 564-1500
www.contemporaryrealty.com

PARTY 1 ▶  CHASE MORTGAGE COMPANY, AN OHIO CORPORATION, F/K/A CHEMICAL MORTGAGE COMPANY
ADDITIONAL
PARTY 1 ▶  3415 VISION DRIVE, COLUMBUS, OH  43219
PARTY 2 ▶  CITIMORTGAGE, INC., FKA CITICORP MORTGAGE, INC., A DELAWARE CORPORATION
ADDITIONAL
PARTY 2 ▶  27555 FARMINGTON ROAD, FARMINGTON HILLS, MI  48334-3357
CHECK THIS BOX IF THERE ARE MORE THAN 2 OF EITHER PARTY

FOLD

| Examined by (✓): | | City Register | |
|---|---|---|---|
| | | Serial Number ▶ | 114272 |
| Mtge Tax Serial No. | | | |
| Mtge Amount | $ | Indexed By (✓) | Verified By (✓) |
| Taxable Amount | $ | | |
| Exemption (✓)   YES ☐   NO ☐ | | Block(s) and Lot(s) verified by (✓): | |
| | | Address ☐   Tax Map ☐ | |
| Type:  [ ] [ ] OTHER | | Extra Block(s)   Lot(s) | |
| Dwelling Type: (1 to 2) [ ] [ ] (4 to 6) [ ] | | Recording Fee ▶ $ 47( ) | |
| TAX RECEIVED ON ABOVE MORTGAGE ▼ | | Affidavit Fee (C) $ | |
| | | RPTT Fee (R) $ | |
| County (basic) | $ | | |
| City (Add'l) | $ | HPD-A ☐   HPD-C ☐ | |
| Spec Add'l | $ | New York State Real Estate Transfer Tax ▼ | |
| TASF | $ | | |
| MTA | $ | Serial Number ▶ | |
| NYCTA | $ | | |
| TOTAL TAX | $ | New York City Real Property Transfer Tax Serial Number ▶ | |
| Apportionment Mortgage (✓)  YES ☐  NO ☐ | | | |

FOLD

## RECORDED IN THE OFFICE OF THE CITY REGISTER
## OF THE CITY OF NEW YORK

00088113632            4007407947

25 × 10



## NEW YORK

COUNTY OF **QUEENS**

SEE L 5 3 l, P6 1 4 3 0

INVESTOR TYPE: FNMA
When recorded return to:
Contemporary Realty Solutions
Attn:Theresa Chojnowski
626 N. French Rd. Suite 4
Amherst, NY 14228 (716) 564-1500
www.contemporaryrealty.com
Prepared By: Jennifer McGovern, BFTG
2665 S. Bayshore Drive, 2nd Floor, Miami FL 33133

## Assignment of Mortgage

For Value Received, CHASE MORTGAGE COMPANY, AN OHIO CORPORATION, F/K/A CHEMICAL MORTGAGE COMPANY
whose address is 3415 VISION DRIVE, COLUMBUS, OH 43219
does hereby grant, sell, assign, transfer and convey, unto    CITIMORTGAGE, INC., FKA CITICORP MORTGAGE, INC., A
DELAWARE CORPORATION,
a corporation organized and existing under the laws of the United States (herein "Assignee"), whose address is
27555 FARMINGTON ROAD, FARMINGTON HILLS, MI 48334-3357
a certain mortgage dated        3/11/1991    , made and executed by        STACY Z. HASKINS

Property Address: 150-49 116TH DR, JAMAICA, NY 11434
to and in favor of MANUFACTURERS HANOVER TRUST COMPANY

upon the following described property situated in        QUEENS    County, State of New York.

such Mortgage having been given to secure payment of    $3,000.00    which mortgage was recorded on
3/15/1991    in Book, Volume, or Liber No.    3129    , at Page    2332    , under Filing Number
    , together with the note(s) and obligations therein described and the money due and to become due
thereon with interest, and all rights accrued or to accrue under such Mortgage.
This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within
the secondary mortgage market.
Section:        Block:    12202    Lot:    79
PIN: 12202 0079

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns, forever, subject only to the terms and
conditions of the above-described mortgage.

Dated: 7/1/2000        CHASE MORTGAGE COMPANY, AN OHIO CORPORATION, F/K/A CHEMICAL
MORTGAGE COMPANY

3415 VISION DRIVE, COLUMBUS, OH 43219

By
ROBERT G. HALL
VICE PRESIDENT

STATE OF    FLORIDA        )
                            )
COUNTY OF    DADE           )  SS
                            )

On the    01    day of September in the year    2000    before me, the undersigned,
personally appeared        ROBERT G. HALL
personally known to me or proved to me on the basis of satisfactory evidence to
to be the individual(s) whose name(s) is (are) subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their capacity (ies),
and that by his/her/their signature(s) on the instrument, the individual(s), or the
person upon behalf of which the individual(s) acted, executed the instrument, and
that such individual made such appearance before the undersigned in the
county of    DADE    in    FLORIDA

NOTARY PUBLIC    JENNIFER MCGOVERN
My commission expires:   4/29/2005

JENNIFER MCGOVERN
Notary Public - State of Florida
My Commission Expires Jun 29, 2005
Commission # DD037474

22



25 × 10

# ASSIGNMENT HISTORY REEL b536 PG 1 u3 ì ì

Said Mortgage Assigned To  CHEMICAL MORTGAGE COMPANY,  AN OHIO CORPORATION
By  *Assignment*  Dated   Jun 01, 1997 And Recorded in    Reel                        4934
Page                                        Instrument No.   _____
REDACTED                       , Certificate      _____  on      8/4/1998    ;

25 × ❘❑



| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |
|---|
| This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. |

## RECORDING AND ENDORSEMENT COVER PAGE                     PAGE 1 OF 4

| | | |
|---|---|---|
| Document ID: **2014062301303001** | Document Date: 06-23-2014 | Preparation Date: 06-23-2014 |
| Document Type: ASSIGNMENT, MORTGAGE | | |
| Document Page Count: 2 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| NATIONWIDE TITLE CLEARING<br>2100 ALT 19 NORTH<br><br>PALM HARBOR, FL 34683 | CITIMORTGAGE, INC.<br>2100 ALT 19 NORTH<br><br>PALM HARBOR, FL 34683 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 12202 | 79 | Entire Lot | 150-49 116TH DRIVE |
| Property Type: | APARTMENT BUILDING | | | |

### CROSS REFERENCE DATA

QUEENS        Year: 1991    Reel: 3129    Page: 2332
☒ Additional Cross References on Continuation Page

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| CITIMORTGAGE, INC.<br>1000 TECHNOLOGY DRIVE, .<br>O'FALLON, MO 63368 | FEDERAL NATIONAL MORTGAGE ASSOCIATION<br>14221 DALLAS PARKWAY,, .<br>DALLAS, TX 75254 |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 47.00 | | |
| Affidavit Fee: | S | 0.00 | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed        06-25-2014 12:20
City Register File No.(CRFN):
**2014000216650**

*City Register Official Signature*

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 4 |
|---|---|

**Document ID: 2014062301303001**    Document Date: 06-23-2014    Preparation Date: 06-23-2014
Document Type: ASSIGNMENT, MORTGAGE

**CROSS REFERENCE DATA**

| QUEENS | **Year:** 1998 | **Reel:** 4934 | **Page:** 1373 |
|---|---|---|---|
| QUEENS | **Year:** 2000 | **Reel:** 5668 | **Page:** 1271 |
| QUEENS | **Year:** 2002 | **Reel:** 6536 | **Page:** 1429 |

When Recorded Return To:
CitiMortgage, Inc.
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683



## ASSIGNMENT OF MORTGAGE

**Contact Federal National Mortgage Association for this instrument c/o Seterus, Inc., 14523 SW Millikan Way, #200, Beaverton, OR 97005, telephone #1-866-570-5277, which is responsible for receiving payments.**

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **CITIMORTGAGE, INC.,WHOSE ADDRESS IS 1000 TECHNOLOGY DRIVE, O'FALLON, MO, 63368, (ASSIGNOR)**, by these presents does convey, grant, assign, transfer and set over the described Mortgage, as the same has not been consolidated, extended or modified, with all interest secured thereby, all liens, and any rights due or to become due thereon to **FEDERAL NATIONAL MORTGAGE ASSOCIATION, WHOSE ADDRESS IS 14221 DALLAS PARKWAY, SUITE 100, DALLAS, TX 75254, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).**

Said Mortgage is dated 03/11/1991, made by **STACY Z. HASKINS** to **MANUFACTURERS HANOVER TRUST COMPANY**, in the principal sum of $63,000.00 and recorded on 03/15/1991, in Liber 3129, Page 2332, CRFN # , in the office of the Registry of QUEENS County, NY.

Property is commonly known as: 150-49 116TH DRIVE,
                                            JAMAICA, NY 11432.

See Exhibit attached for Assignments, Modifications etc.

This Assignment is not subject to the requirements of section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

**Dated this 23rd day of June in the year 2014.**
**CITIMORTGAGE, INC.**

**NICOLE PEDDER**
**VICE PRESIDENT**

**DANIEL THOMPSON**
**WITNESS**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA    COUNTY OF PINELLAS
Before me, this 23rd day of June in the year 2014, the undersigned, personally appeared **Nicole Pedder** as VICE PRESIDENT for **CITIMORTGAGE, INC.**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that they executed the same in their capacity(ies), and that by their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**NICOLE BALDWIN - NOTARY PUBLIC**
**COMM EXPIRES: 08/05/2016**

Nicole Baldwin
Notary Public State of Florida
My Commission # EE 222285
Expires August 5, 2016

**Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
Property(S/B/L) Block: 12202 Lot: 79

Exhibit

Assignment: THE CHASE MANHATTAN BANK SUCCESSOR BY MERGER TO MANUFACTURERS HANOVER TRUST COMPANY TO CHEMICAL MORTGAGE COMPANY DATED 03-02-1998. REC: 08-04-1998 BK 4934 PG 1373
Assignment: CHEMICAL MORTGAGE COMPANY N/K/A CHASE MORTGAGE COMPANY TO CITIMORTGAGE, INC. DATED 06-05-2000. REC: 09-06-2000 BK 5668 PG 1271
Assignment: CHASE MORTGAGE COMPANY, F/K/A CHEMICAL MORTGAGE COMPANY TO CITIMORTGAGE, INC., F/K/A CITICORP MORTGAGE, INC. DATED 07-01-2000. REC: 08-19-2002 BK 6536 PG 1429

————————[Space Above This Line for Recording Data]————————

## LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)



    This Loan Modification Agreement ("Agreement"), made 11/01/06, between STACY Z HASKINS, , , ("Borrower") whose address is 15049 116TH DR, JAMAICA, NY 11434-1511 and CitiMortgage, Inc. ("Lender") whose address is 1000 Technology Drive, O'Fallon, MO 63368-2240, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated 03/11/91, and recorded on 03/15/91 in Book or Liber 3129, at page(s) 2332, or Document No. na, of the Recorders Office of the Records of QUEENS COUNTY, New York, and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 150-49 116TH DR, JAMAICA, NY 11432-0000, the real property described being set forth in the attached LEGAL DESCRIPTION, or as follows:

    In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 11/01/06, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 56,040.82, consisting of the unpaid amount(s) loaned to the Borrower by Lender plus any interest and other amounts capitalized. (The current unpaid principal balance now due and owing of $51,164.67, plus the total capitalized amount of $ 4,876.15 equal the Unpaid Principal Balance of $ 56,040.82.)

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 9.625%, from 11/01/06. Borrower promises to make monthly payments of principal and interest of U.S. $ 600.17, beginning on 12/01/06 and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 9.625% will remain in effect until principal and interest are paid in full. If on 04/01/21 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

Borrower will make such payments at CitiMortgage, Inc., 1000 Technology Drive, O'Fallon, MO 63368-2240 or at such other place as Lender may require.

3.  If all or any part of the Property or any interest in the property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b)  all terms and provisions of any adjustable rate rider or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.  Borrower understands and agrees that:

    (a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c)    Borrower has no right of set-off or counterclaim, or any defense to the obligations of the Note or Security Instrument.

    (d)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

    (e)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

LOAN MODIFICATION AGREEMENT--Single Family--Fannie Mae Uniform Instrument
(Page 2 of 5)



(f)     Borrower agrees to make and execute such other documents or papers as may be necessary or
        required to effectuate the terms and conditions of this Agreement which, if approved and
        accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns
        of the Borrower.


_____          _____
STACY Z HASKINS              Date          February 13, 2007         Date

BARBARA HARRIS
NOTARY PUBLIC STATE OF NEW YORK
NO. 01HA6103278
QUALIFIED IN KINGS COUNTY
Commission Expires 12-22-2007
                                          _____

WITNESS                                    WITNESS
SIGNATURE: _____               SIGNATURE: _____

PRINT NAME: _____              PRINT NAME: John Henry


WITNESS                                    WITNESS
SIGNATURE: _____               SIGNATURE: _____

PRINT NAME: _____              PRINT NAME: _____


CitiMortgage, Inc., LENDER

By: _____        Prepared By:    CitiMortgage, Inc.
Title: Robin Kramer, Vice President                        1000 Technology Drive
                                                           O'Fallon, MO 63368-2240
                                                           Karen Clark

CITIMORTGAGE INC.
CORPORATE
SEAL
NEW YORK

{Space Below This Line for Acknowledgment in Accordance with Laws of Jurisdiction}

State of New York                 )
                                         )

County of                     )

      **On the** ____ **day of** ____ __, in the year ____ __, before me, the undersigned, a Notary Public in and for said State, personally appeared STACY Z HASKINS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR capacity(ies), and that by HIS/HER/THEIR signatures(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

My Commission Expires: ____

BARBARA HARRIS
NOTARY PUBLIC STATE OF NEW YORK
NO. 01HA6103278
QUALIFIED IN KINGS COUNTY
Commission Expires 12-22-2007

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

State of New York                 )
                                         )

County of                     )

      **On the** ____ **day of** ____ __, in the year ____ __, before me, the undersigned, a Notary Public in and for said State, personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR capacity(ies), and that by HIS/HER/THEIR signatures(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Notary Public

My Commission Expires: ____

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

State of Missouri                                  )
                                                   )
County of St. Charles                              )

On ____4/18/07____, before me appeared Robin Kramer, to me personally known, being by me
duly sworn or affirmed, whose address is 1000 Technology Drive, O'Fallon, MO 63368-2240, did say that she is the
VICE PRESIDENT of CitiMortgage, Inc., and that the seal fixed to the foregoing instrument is the corporate seal of
said corporation, and that said instrument was signed and sealed in behalf of said corporation, by authority of its
Board of Directors, and Robin Kramer acknowledged said instrument to be the free act and deed of said corporation.


Notary Public *Karen Warhoover*

My Commission Expires: JULY 5, 2010 _____

KAREN WARHOOVER
Notary Public-Notary Seal
State of Missouri
St. Louis County
Commission Expires July 5, 2010
Commission #06432815

Exhibit "B"

**SEQUENCE NO.** _3_

# ORIGINAL

IAS Term, Part _6_ of the Supreme Court of the State of New York, held in and for the County of QUEENS, at the Courthouse thereof located at , 88-11 Sutphin Boulevard,, Jamaica, NY 11435 on the _28_ day of _January_ 20_16_

PRESENT:

Hon. Howard G. Lane
      Justice

**FILED & RECORDED**

**FEB 02 2016**

**COUNTY CLERK**
**QUEENS COUNTY**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------x

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                               Plaintiff,

           -against-

STACY Z. HASKINS; LENOX HILL MEDICAL ANESTHESIOLOGY PLLC; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE;

                            Defendant(s),

------------------------------------------------------------------x

Index No.: 3171/09

D/O/F:

**JUDGMENT OF**
**FORECLOSURE AND SALE**

Premises Address:

150-49 116TH DR
JAMAICA, NY 11432

      ON the Summons, Complaint, and Notice of Pendency duly filed in this action in the Office of

the County Clerk of the County of Queens on February 11, 2009, Notice of Pendency re-filed on

October 20, 2014 in this action in the Office of the County Clerk of the County of Queens on October

20, 2014; and all proceeding had thereon; and upon the Notice of Motion dated August 24, 2015, the

affirmation of regularity of Richard Fay, Esq. of Rosicki, Rosicki & Associates, P.C., dated November

24, 2014, with exhibits annexed, showing that all Defendants herein have been duly served within this

State with the Summons in this action, or have voluntarily appeared by their respective attorneys; and

on proof of service upon and appearance by the Defendant(s) herein heretofore filed in this action; and

stating that more than the legally required number of days have elapsed since said Defendants were so

served; and that none of the Defendants has served an Answer to said Complaint except STACY

HASKINS, who appeared herein pro se and interposed an Answer to said Complaint, nor has their time

to do so been extended and upon the affirmation of services rendered of Elena Cummings, Esq. dated August 24, 2015 and

On the Order of Reference dated July 14, 2015 appointing Pamela Jordan, Esq., as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agent under oath as to the allegations contained in the Complaint, and to examine and report whether the mortgaged premises should be sold in one or more parcels; and on reading and filing the Oath and Report of the aforesaid Referee sworn to and dated August 6, 2015, it appears that the sum of $115,677.78 was due to Plaintiff, as of October 10, 2014, plus a per diem interest for every day thereafter, on the date of said report and that the mortgaged premises should be sold in one parcel, and after due deliberation having been had thereon; and upon reading and filing the decision of the Court dated 10/26/15.

NOW, upon motion of ROSICKI, ROSICKI & ASSOCIATES, P.C., attorneys for plaintiff herein, it is

ORDERED, ~~ADJUDGED AND DECREED,~~ that the motion is granted without opposition; and it is further

ORDERED, ADJUDGED AND DECREED, that the report of Pamela Jordan, Esq., dated August 7, 2015, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises described in the Complaint in this action, and hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt under the note and mortgage, the expenses of sale and the costs of this action as provided by the Real Property Actions and Proceedings law be sold, in one parcel, at public auction at the QUEENS COUNTY SUPREME COURT, located at 88-11 SUTPHIN BOULEVARD, JAMAICA, NEW YORK, IN COURTROOM #25, AT ~~11:00~~ 10:00 A.M. ON A FRIDAY, by and under the direction of Pamela Jordan, who is hereby appointed Referee for that purpose; in the absence of the designated Referee, the Court will designate a substitute Referee forthwith; that said Referee give public notice of the time and place of such sale in accordance with law, practices of this Court and

2

*Newspaper* [handwritten annotation]

J.R.A.P.L. sec. 231 in *Newsday - Queens Edition* and that Plaintiff or any other parties to this action may become the purchaser or purchasers at the said sale; that in case the Plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that aid Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee, upon receiving the proceeds of sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in SIGNATURE BANK 89-36 Sutphin Blvd., 3rd Floor and shall thereafter make the following payments, and his/her checks drawn for that purpose shall be paid by said depository: Jamaica, NY 11435

*Bank* [handwritten annotation]

**FIRST:**    The statutory fee of the Referee in the sum of $500.00;

**SECOND:**    The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

**THIRD:**    Said Referee shall also pay to plaintiff, or to ROSICKI, ROSICKI, AND ASSOCIATES, P.C., its attorneys, the sum of $ 1,474.00 C.C. to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest thereon from the date hereof; together with an additional allowance of $ —0— hereby awarded tot he Plaintiff in addition to costs with interest thereon from the date hereof, and also the sum of $115,677.78 the said amount so reported due the as aforesaid, together with

*Add court* [handwritten annotation]
*Atty fees* [handwritten annotation]
*JSC* [handwritten annotation]

3

interest thereon from October 10, 2014, the date interest was calculated to in said report, or so much

thereof as the purchase money of the mortgaged premises will pay of the same, together with any

advances necessarily paid by the Plaintiff for taxes, fire insurance, principal and interest to prior

mortgages to preserve and or maintain the premises not previously included in any computations, upon

presentation of receipts for said expenditures to the Referee, together with $ _COURT_ hereby awarded

to the Plaintiff as reasonable legal fees herein, together with any advances as provided for in the note

and mortgage, which Plaintiff has made for taxes, insurance, principal and interest and any other

charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure

sale, not previously included in the computation and upon presentation of receipts for said expenditures

to the Referee, all together with interest thereon pursuant to the note and mortgage.

**FOURTH:**    If such Referee intends to apply for a further allowance for his/her fees, he/she

may leave upon deposit such amount as will cover such additional allowance, to await the further order

of this Court thereon after application duly made upon due notice to those parties entitled thereof;

That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that

the rights of the purchasers at said and the terms of sale under this judgment shall be assigned to and be

acquired by the Plaintiff, and a valid assignment filed with said Referee, said Referee shall not require

the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the

Plaintiff, or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the

amount specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid

taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or, in lieu of the

payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal

authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the

aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments,

sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the

amounts due to the Plaintiff as specified in item marked "THIRD;" that if after so applying the balance

of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff, the

4

Plaintiff shall pay to the said Referee, upon delivery to Plaintiff of said Referee's deed, the amount of such surplus; that said Referee, upon receiving said several amounts from the Plaintiff, shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

The said Referee shall take the receipt of the Plaintiff, or the attorneys for the Plaintiff, for the amounts paid as directed in item "THIRD" above, and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the Queens County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order of this Court, signed by a Justice of this Court. The Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Queens County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser, and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the said Referee shall specify the amount of such deficiency in his/her report of sale; ORDERED, that the plaintiff shall recover from the defendant(s) STACY Z. HASKINS the whole deficiency or so much thereof as the court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made a prescribed in section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said mortgaged premises and each and every part thereof; and

5

it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in

"as is" physical order and condition, subject to any state of facts that an inspection of the premises

would disclose; any state of facts that an accurate survey of the premises would show; any covenants,

restrictions, declarations, reservations, easements, rights of way and public utility agreements of record,

if any; any building and zoning ordinances of the municipality in which the mortgaged premises is

located and possible violations of same; any rights of tenants or persons in possession of the subject

premises; prior, liens of record, if any, except those liens addressed in section 1354 of the Real Property

Actions and Proceedings Law; any equity of redemption of the UNITED STATES OF AMERICA to

redeem the premises within 120 days from the date of sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that a copy of the Judgment with Notice of Entry

shall be served upon the owner of the equity of redemption, any tenants named in this action and any

other party entitled to notice.

Said premises commonly known as 150-49 116TH DR, JAMAICA, NY 11432, bearing tax

map designation: Block: 12202; Lot: 79. A description of said mortgaged premises is annexed hereto

and made a part hereof as Schedule "A"

Dated:

E N T E R:

HON. HOWARD G. LANE
Justice of the Supreme Court

Clerk

ENTERED
4:05 AM
FEB 02 2016
COUNTY CLERK
QUEENS COUNTY

FILED & RECORDED
FEB 0 2 2016
COUNTY CLERK
QUEENS COUNTY

ALL that certain plot, piece or parcel of land, with the building and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of 116th Drive (formerly Fisher Avenue) distant 515 feet westerly from the northwesterly corner of 116th Drive and 155th Street (formerly Elder Avenue) as widened; running thence

NORTHERLY parallel with 155th Street, 100 feet; thence

WESTERLY parallel with 116th Drive, 20 feet; thence

SOUTHERLY parallel with 155th Street, 100 feet to the northerly side of 116th Drive and thence

EASTERLY along the northerly side of 116th Drive, 20 feet to the point or place of BEGINNING.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------x
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Plaintiff,

-against-

STACY Z. HASKINS, et al.,
Defendants.
------------------------------------------------------------------x

Index No.: 3171/09

**COSTS OF PLAINTIFF**

Costs before Notes of Issue filed,
CPLR §8201(1)..............................................................$200.00

Additional Allowance by Statute - CPLR §8302(a)(b):

addl.(not exceeding $200)  $200 at 10%...$20.00
addl.(not exceeding $800)  $800 at  5%...$40.00
"  (not exceeding $2000) $2000 at 2%...$40.00
"  (not exceeding $5000) $5000 at 1%...$50.00............$150.00

Additional Allowance by Statute - CPLR §8302(d).......$50.00

WITHIN COSTS TAXED WITHOUT NOTICE
AT $ 1,474.00

FEB 0 2 2016

COUNTY CLERK QUEENS COUNTY

**FEES AND DISBURSEMENTS**

Fee for Index Number and Filing Lis Pendens
CPLR 8018(a), 8021(a)(12)...........................................$245.00
Paid for searches..........................................................$510.00 $275.00
Serving copy of summons and complaint
CPLR 80ll(c), 830l(d)....................................................$670.00 $280.00
Request for Judicial Intervention....................................$95.00
Referee's fee (CPLR 8301(a)(1), 8003(a))......................$50.00 ✓
Certified copy of judgment.............................................$4.00
Motion fees..................................................................$90.00
Clerk's fee, filing amended notice of pendency..............$35.00
--------------
$2,099.00 $1,474.00

Taxed at $ _____ this ____ day of _____, 20__.

_____
Clerk

STATE OF NEW YORK                    )
                                     ) ss:
COUNTY OF DUTCHESS                   )


    The undersigned, an attorney admitted to practice in the Courts of this State, affirms that (s)he is an associate of the law firm of **ROSICKI, ROSICKI & ASSOCIATES, P.C.** the attorneys of record for the plaintiff in the above-entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

    The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: August 24, 2015
      Fishkill, New York

                              Elena Cummings, Esq.

150-49 116TH DR, JAMAICA, NY 11432

Index No. 3171/09

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

                                  Plaintiff,

        -against-

STACY Z. HASKINS, et al.,

                            Defendants.
----------------------------------------------------------------

**FILED & RECORDED**

**FEB 0 2 2016**

**COUNTY CLERK
QUEENS COUNTY**

**JUDGMENT OF FORECLOSURE AND SALE WITH BILL OF COSTS**

ROSICKI, ROSICKI & ASSOCIATES, P.C.

BY: _____
Elena Cummings, Esq.
Attorneys for Plaintiff
Fishkill Office 2 Summit Court, Suite 301
Fishkill, NY 12524
845.897.1600
845.897.2648

# MEMORANDUM

SUPREME COURT - QUEENS COUNTY
IA PART 6
------------------------------------------
FEDERAL NATIONAL MORTGAGE ASSOCIATION,        BY: **LANE, J.**

                              Plaintiff,          DATED: October 26, 2015

                                                  INDEX NO.: 3171/09
          -against-
                                                  MOTION DATE:
STACY Z. HASKINS, et al.,                                September 22, 2015

                                                  MOTION CAL. NO.: 29
                              Defendants.
------------------------------------------        MOTION SEQUENCE NO.: 3

        That branch of plaintiff's motion for a judgment of
foreclosure and sale is granted without opposition.  Plaintiff
has complied with the requirements of RPAPL 1351 in requesting
the above stated relief, and no opposition papers have been
received by the Court, nor has any party other than plaintiff
appeared on the return date of the motion.

        That branch of plaintiff's motion to confirm the
referee's report dated August 7, 2015 is granted without
opposition.  By order of the Court, Pamela Jordan, Esq. was
appointed to ascertain and compute the amount due to the
plaintiff and to examine and report whether or not the mortgaged
premises can be sold in parcels.  On August 7, 2015, Referee
Jordan issued a Report of Sale which was filed with the Court.
It is Ordered and adjudged that the report of said referee is in

1

all respects confirmed.

That branch of plaintiff's motion for an award of attorneys' fees and costs is granted without opposition.

Submit judgment to the Motion Support Office, Room 140.

HON. HOWARD G. LANE

. . . . . . . . . . . . . . . . . . . . . . . . .

**HOWARD G. LANE, J.S.C.**

2

Exhibit "C"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
IN RE:                                              Chapter 7
Stacy Z. Haskins                                    Case# 17-42126-nhl
                                        Debtor
------------------------------------------------------------------x

## RELIEF FROM STAY – REAL ESTATE AND
## COOPERATIVE APARTMENTS

## BACKGROUND INFORMATION

1. ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT: 150-49 116th Dr., Jamaica, NY 11432

2. LENDER NAME: Federal National Mortgage Association

3. MORTGAGE DATE: 03/11/1991

4. POST-PETITION PAYMENT ADDRESS:
P. O. Box 1047
Hartford, CT 06143-1047

## DEBT AND VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AT THE TIME OF FILING THE MOTION: $157,492.38 as of July 3, 2017
*(THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.)*

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE: $127,858.22

7. SOURCE OF ESTIMATED MARKET VALUE: Schedule A/B

## STATUS OF THE DEBT AS OF JULY 3, 2017

8. DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

     A. TOTAL:                           $157,492.38

     B. PRINCIPAL:                    $55,118.44

     C. INTEREST:                     $53,965.27

     D. ESCROW (TAXES AND INSURANCE):     $31,353.64

     E. FORCED PLACED INSURANCE EXPENDED BY MOVANT:     $0.00

     F. PRE-PETITION ATTORNEYS' FEES CHARGED TO DEBTOR(S): $3,220.61
     G. PRE-PETITION LATE FEES CHARGED TO DEBTOR(S): $12.00

9. CONTRACTUAL INTEREST RATE: 9.6250%
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM.. STATE THE EXHIBIT NUMBER HERE:____.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: Costs: $3,145.28; Title: $660.00; Property Inspection: $1,122.14; Litigation: $8,895.00

*(IF ADDIITONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A.)*

## AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: No Post-Petition Payments Received

12. NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: _2_ PAYMENTS **Loan contractually due for 6/1/07**

13. POST-PETITION PAYMENTS IN DEFAULT:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
| 6/1/2017 | $1,118.57 | | | | | |
| 7/1/2017 | $1,118.57 | | | | | |
| TOTALS | $2,237.14 | | | | | |

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR(S):

    A. TOTAL:                                         $931.00

    B. ATTORNEYS' FEES IN CONNECTION WITH THIS MOTION:  $750.00

    C. FILING FEE IN CONNECTION WITH THIS MOTION:    $181.00

    D. OTHER POST-PETITION ATTORNEYS' FEES:       $0.00

    E. POST-PETITION INSPECTION FEES:            $0.00

    F. POST-PETITION APPRAISAL/BROKER'S PRICE OPINION FEES:  $0.00

    G. FORCED PLACED INSURANCE EXPENDED BY MOVANT:   $ 0.00

15. AMOUNT HELD IN SUSPENSE BY MOVANT:        $0.00

16. OTHER POST-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: 0.00

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

## REQUIRED ATTACHMENTS TO MOTION

PLEASE ATTACH THE FOLLOWING DOCUMENTS TO THIS MOTION AND INDICATE THE EXHIBIT NUMBER ASSOCIATED WITH EACH DOCUMENT.

(1)    COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S INTEREST IN THE SUBJECT PROPERTY.  FOR PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE PROMISSORY NOTE OR OTHER DEBT INSTRUMENT TOGETHER WITH A COMPLETE AND LEGIBLE COPY OF THE MORTGAGE AND ANY ASSIGNMENTS IN THE CHAIN FROM THE ORIGINAL MORTGAGEE TO THE CURRENT MOVING PARTY. (EXHIBIT __A__.)

(2)    COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S STANDING TO BRING THIS MOTION. (EXHIBIT __A__.)

(3)    COPIES OF DOCUMENTS THAT ESTABLISH THAT MOVANT'S INTEREST IN THE REAL PROPERTY OR COOPERATIVE APARTMENT WAS PERFECTED.  FOR THE PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE FINANCING STATEMENT (UCC-1) FILED WITH THE CLERK'S OFFICE OR THE REGISTER OF THE COUNTY IN WHICH THE PROPERTY OR COOPERATIVE APARTMENT IS LOCATED. (EXHIBIT __A__.)

## DECLARATION AS TO BUSINESS RECORDS

I, *Shannon Duran*,

THE *BK Specialist* OF SETERUS, INC., AS AUTHORIZED SUBSERVICER FOR
FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED
AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA, THE MOVANT HEREIN,
DECLARE PURSUANT 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE
INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS ATTACHED HERETO (OTHER
THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2 AND
3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE
OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A
PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE
COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE
IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED
TO THIS FORM AS REQUIRED BY PARAGRAPHS 1, 2 AND 3, ABOVE, ARE TRUE AND CORRECT
COPIES OF THE ORIGINAL DOCUMENTS.

EXECUTED AT *Beaverton* , *Oregon*
ON THIS *3rd* DAY OF *July* , 20 *17*.

*Shannon Duran* <NAME>
*BK Specialist* <TITLE>

Seterus, Inc., as authorized subservicer for Federal National Mortgage Association
("Fannie Mae"), a corporation organized and existing under the laws of the United States
of America
14523 SW Millikan Way #200
Beaverton, OR 87005

## DECLARATION

I, *Shannon Duran* , THE *BK Specialist* OF *Seterus
Inc.* , THE MOVANT HEREIN, DECLARE PURSUANT 28 U.S.C.
SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT *Beaverton* , *Oregon*
ON THIS *3rd* DAY OF *July* , 20 *17*.

*Shannon Duran* <NAME>
*BK Specialist* <TITLE>

Seterus, Inc., as authorized subservicer for Federal National Mortgage Association
("Fannie Mae"), a corporation organized and existing under the laws of the United States
of America
14523 SW Millikan Way #200
Beaverton, OR 87005

Exhibit "D"

**Fill in this information to identify your case and this filing:**

Debtor 1        *Stacy Z Haskins*
            First Name      Middle Name        Last Name

Debtor 2
(Spouse, if filing) First Name      Middle Name        Last Name

United States Bankruptcy Court for the: Eastern District of New York

Case number   *1-17-42126-nhl*

☐ Check if this is an
amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

1.1. *150-49*
*116 Drive*
Street address, if available, or other description

*Jamaica   N.Y. 11434*
City            State        ZIP Code

*Queens*
County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the    Current value of the
entire property?        portion you own?

$*127,858.22*    $*127,858.22*

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☐ Check if this is community property (see instructions)

If you own or have more than one, list here:

1.2. _____
Street address, if available, or other description

_____

_____
City            State        ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the    Current value of the
entire property?        portion you own?

$_____    $_____

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☐ Check if this is community property (see instructions)

③ Official Form 106A/B                Schedule A/B: Property

Debtor 1 _Stacy Z Haskins_
First Name    Middle Name    Last Name

Case number (if known) _1-17-42126-nhl_

**1.3.** _____
Street address, if available, or other description

_____

_____

City        State    ZIP Code

_____
County

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?

$_____    $_____

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☐ Check if this is community property (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** .................................→  $_____

## Part 2: Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**
☐ No
☐ Yes

**3.1.** Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
[          ]

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?

$_____    $_____

If you own or have more than one, describe here:

**3.2.** Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
[          ]

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?

$_____    $_____

N A

Official Form 106A/B        Schedule A/B: Property        13

④

Debtor 1  _Stacy Z Haskins_
First Name    Middle Name    Last Name

Case number (if known) _1-17-42162-nhl_

**3.3.** Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?

Current value of the portion you own?

$_____    $_____

**3.4.** Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?

Current value of the portion you own?

$_____    $_____

N A

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No
☐ Yes

**4.1.** Make: _____

Model: _____

Year: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?

Current value of the portion you own?

$_____    $_____

If you own or have more than one, list here:

**4.2.** Make: _____

Model: _____

Year: _____

Other information:

[ ]

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?

Current value of the portion you own?

$_____    $_____

**5.** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here .................................................................... ➔

$_____

Debtor 1  *Stacy Z Haskins*
First Name   Middle Name   Last Name

Case number (if known)  *1-17-42126-nhl*

## Part 3:  Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
    ☐ No
    ☒ Yes. Describe......... *Computer stove the Stove, dryer, washing machine*   $ *1,000.00*

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
    ☐ No
    ☒ Yes. Describe......... *2 Televisions  Computer radio Cell phone*   $ *1,500.00*

8.  **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
    ☒ No
    ☐ Yes. Describe......... *none*   $ _____

9.  **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
    ☐ No
    ☒ Yes. Describe......... *bicycles*   $ *50.00*

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☒ No
    ☐ Yes. Describe.........   $ _____

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☐ Yes. Describe......... *coat clothes*   $ *500.00*

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ☐ Yes. Describe......... *ring costume Jewelry*   $ *200.00*

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☒ No
    ☐ Yes. Describe.........   $ _____

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ☒ No
    ☐ Yes. Give specific information. ..............   $ _____

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ........................................... →   $ *3,050.00*

⑥

Debtor 1  Stacey Z Haskins

First Name   Middle Name   Last Name

Case number (if known) 1-17-42126-nhl

**Part 4:  Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

16. **Cash**

Examples: Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☒ Yes.................................................................................................................

Cash: $100      $100.00

17. **Deposits of money**

Examples: Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☒ Yes.....................

Institution name:

| | |
|---|---|
| 17.1. Checking account: | $_____ |
| 17.2. Checking account: | $_____ |
| 17.3. Savings account: | $_____ |
| 17.4. Savings account: | $_____ |
| 17.5. Certificates of deposit: | $_____ |
| 17.6. Other financial account: | $_____ |
| 17.7. Other financial account: | $_____ |
| 17.8. Other financial account: | $_____ |
| 17.9. Other financial account: | $_____ |

18. **Bonds, mutual funds, or publicly traded stocks**

Examples: Bond funds, investment accounts with brokerage firms, money market accounts

☒ No
☐ Yes.................

Institution or issuer name:

| | |
|---|---|
| | $_____ |
| | $_____ |
| | $_____ |

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☐ Yes. Give specific information about them......................

Name of entity:                              % of ownership:

| | | |
|---|---|---|
| | 0%  % | $_____ |
| | 0%  % | $_____ |
| | 0%  % | $_____ |

⑦

Debtor 1 _Stacy_ _Z_ _Haskins_
          First Name    Middle Name    Last Name

Case number (if known) _1-17-42126-nhl_

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☒ No
☐ Yes. Give specific    Issuer name:
information about
them.....................    _____    $_____
                            _____    $_____
                            _____    $_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☒ No
☐ Yes. List each    Type of account:    Institution name:
account separately.
                    401(k) or similar plan:    _____    $_____
                    Pension plan:    _____    $_____
                    IRA:    _____    $_____
                    Retirement account:    _____    $_____
                    Keogh:    _____    $_____
                    Additional account:    _____    $_____
                    Additional account:    _____    $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☒ No
☐ Yes.........................    Institution name or individual:
                    Electric:    _____    $_____
                    Gas:    _____    $_____
                    Heating oil:    _____    $_____
                    Security deposit on rental unit:    _____    $_____
                    Prepaid rent:    _____    $_____
                    Telephone:    _____    $_____
                    Water:    _____    $_____
                    Rented furniture:    _____    $_____
                    Other:    _____    $_____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☒ No
☐ Yes.........................    Issuer name and description:
                    _____    $_____
                    _____    $_____
                    _____    $_____



Official Form 106A/B                    Schedule A/B: Property                    17

Debtor 1  *Stacy Z. Haskins*
First Name   Middle Name   Last Name

Case number *(if known)* 1-17-42126-nhl

24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☒ No
☐ Yes ..................................  Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

_____  $_____
_____  $_____
_____  $_____

25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers
exercisable for your benefit

☒ No
☐ Yes. Give specific
information about them....  [                                                   ]  $_____

26. Patents, copyrights, trademarks, trade secrets, and other intellectual property
*Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

☒ No
☐ Yes. Give specific
information about them....  [                                                   ]  $_____

27. Licenses, franchises, and other general intangibles
*Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☒ No
☐ Yes. Give specific
information about them....  [                                                   ]  $_____

**Money or property owed to you?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

28. Tax refunds owed to you

☐ No
☐ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years. ...................  [                    ]

Federal:  $_____
State:  $_____
Local:  $_____

29. Family support
*Examples*: Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☐ No
☐ Yes. Give specific information...............  [                    ]

Alimony:  $_____
Maintenance:  $_____
Support:  $_____
Divorce settlement:  $_____
Property settlement:  $_____

30. Other amounts someone owes you
*Examples*: Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
Social Security benefits; unpaid loans you made to someone else

☐ No
☐ Yes. Give specific information...............  [                    ]  $_____

Debtor 1    Stacy Z Haskins                     Case number (if known) 1-17-42126-nhl

**31. Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☒ No
☐ Yes. Name the insurance company
   of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**32. Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive
   property because someone has died.

☒ No
☐ Yes. Give specific information.............. [ _____ ]    $_____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☒ No
☐ Yes. Describe each claim. ................... [ _____ ]    $_____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☒ No
☐ Yes. Describe each claim. ................... [ _____ ]    $_____

**35. Any financial assets you did not already list**

☒ No
☐ Yes. Give specific information............ [ _____ ]    $_____

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
   for Part 4. Write that number here** ...................................................................→  [ $_____ ]

---

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest in. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**
☒ No. Go to Part 6.
☐ Yes. Go to line 38.

**Current value of the
portion you own?**
Do not deduct secured claims
or exemptions.

**38. Accounts receivable or commissions you already earned**
☒ No
☐ Yes. Describe...... [ _____ ]    $_____

**39. Office equipment, furnishings, and supplies**
   *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
☒ No
☐ Yes. Describe...... [ _____ ]    $_____

Official Form 106A/B                    Schedule A/B: Property                    19

Debtor 1 Stacy Z Haskins

First Name    Middle Name    Last Name

Case number *(if known)* 1-17-42126-nhl

40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade

☒ No
☐ Yes. Describe...... [_____] $_____

41. Inventory

☒ No
☐ Yes. Describe...... [_____] $_____

42. Interests in partnerships or joint ventures

☒ No
☐ Yes. Describe......    Name of entity:                    % of ownership:

_____    ____%    $_____
_____    ____%    $_____
_____    ____%    $_____

43. Customer lists, mailing lists, or other compilations

☒ No
☐ Yes. Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?
    ☐ No
    ☐ Yes. Describe........ [_____] $_____

44. Any business-related property you did not already list

☒ No
☐ Yes. Give specific
    information ..........    _____ $_____
                            _____ $_____
                            _____ $_____
                            _____ $_____
                            _____ $_____
                            _____ $_____

45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
    for Part 5. Write that number here .............................................................→ $_____

**Part 6:    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?
    ☒ No. Go to Part 7.
    ☐ Yes. Go to line 47.

Current value of the
portion you own?
Do not deduct secured claims
or exemptions.

47. Farm animals
    *Examples:* Livestock, poultry, farm-raised fish
    ☒ No
    ☐ Yes .................. [_____] $_____

Debtor 1  **Stacy Z Haskins**
First Name  Middle Name  Last Name

Case number (if known) **1-17-42126-nhl**

**48.** Crops—either growing or harvested
- ☒ No
- ☐ Yes. Give specific information. ............

$_____

**49.** Farm and fishing equipment, implements, machinery, fixtures, and tools of trade
- ☒ No
- ☐ Yes ...........

$_____

**50.** Farm and fishing supplies, chemicals, and feed
- ☒ No
- ☐ Yes ...........

$_____

**51.** Any farm- and commercial fishing-related property you did not already list
- ☒ No
- ☐ Yes. Give specific information. ............

$_____

**52.** Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here ............ → $ *0*

---

## Part 7:  Describe All Property You Own or Have an Interest in That You Did Not List Above

**53.** Do you have other property of any kind you did not already list?
*Examples:* Season tickets, country club membership
- ☐ No
- ☐ Yes. Give specific information. ............

$_____
$_____
$_____

**54.** Add the dollar value of all of your entries from Part 7. Write that number here ............ → $_____

---

## Part 8:  List the Totals of Each Part of this Form

**55.** Part 1: Total real estate, line 2 ............ → $_____   X

**56.** Part 2: Total vehicles, line 5   $_____

**57.** Part 3: Total personal and household items, line 15   $_____

**58.** Part 4: Total financial assets, line 36   $_____

**59.** Part 5: Total business-related property, line 45   $_____

**60.** Part 6: Total farm- and fishing-related property, line 52   $_____

**61.** Part 7: Total other property not listed, line 54   +$_____

**62.** Total personal property. Add lines 56 through 61. ............   $_____   Copy personal property total → +$_____

**63.** Total of all property on Schedule A/B. Add line 55 + line 62. ............   $_____

⟨12⟩ Official Form 106A/B        Schedule A/B: Property        21

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
IN RE:                                                    CASE NO.: 17-42126-nhl

Stacy Z. Haskins,                                         Chapter: 7

                                 DEBTOR.        **AFFIDAVIT OF SERVICE**
-------------------------------------------------------X
STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NASSAU         )

      Arzoo Mamoor, being duly sworn, deposes and says:
      I am not a party to this action, am over 18 years of age and reside in Suffolk County, New York.
      On July 11 , 2017, I served the within Notice of Motion, Motion for Modification of the Automatic Stay on the following parties, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Stacy Z. Haskins
150-49 116 Drive
Jamaica, NY 11434

Alan Nisselson, Esq.
c/o Windels Marx Lane & Mittendorf LLP
156 West 56th Street
New York, NY 10019

U.S. Trustee
Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

                                     Arzoo Mamoor

Sworn to before me this
11 day of ___July___, 2017
_____
NOTARY PUBLIC

**Betsy P. Tarr**
**Notary Public, State of New York**
**No. 01TA6000083**
**Qualified in Nassau County**
**Term Expires December 8, 2017**

## NOTICE OF MOTION COVER SHEET

NAME OF DEBTOR
  Stacy Z. Haskins

CASE NUMBER
  17-42126-nhl

PLAINTIFF/MOVANT
  Federal National Mortgage Association
("Fannie Mae")

DEFENDANT/RESPONDENT

ATTORNEYS
Rosicki, Rosicki & Associates, P.C.
51 East Bethpage Road
Plainview, NY 11803

ATTORNEYS IF KNOWN
Stacy Z. Haskins (Pro se)
58-23 60th Place
Maspeth, NY 11378

PRINT NAME OF ATTORNEY
Stephani A. Schendlinger, Esq.

SIGNATURE

### NATURE OF SUIT
(Check all Boxes That Apply to This Motion)

____X____ To Grant Relief from the Automatic Stay
        11 U.S.C. Section of 362(d) ($181.00 fee required)

_____ To Withdraw the Reference of a Case
        11 U.S.C. Section 157(d)     ($75.00 fee required)

_____ To Compel Abandonment of Property
        of the Estate - B.R. 6007 (b) ($75.00 fee required)

_____ To Convert (fee not required)

_____ To Dismiss (fee not required)

_____ To Assume/Reject (fee not required)

_____ To Extend Time to Object to Discharge/Dischargeability

_____ To Extend Exclusivity Period to File Plan, Etc.

_____ Objections to Claims

_____ For Summary Judgment

_____ Other- Specify Type of Motion _____

FILING FEE (Check One) _____ Fee Attached ___X___ Fee Paid Online

# *ROSICKI, ROSICKI & ASSOCIATES, P.C.*

### *ATTORNEYS AT LAW*
## *Main Office: 51 East Bethpage Road*
## *Plainview, New York 11803*
### *Telephone (516) 741-2585*
### *Facsimile (516) 873-7243*

*We are a debt collector and are attempting to collect a debt.*
*Any information obtained may be used for that purpose.*

July 10, 2017

United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

      Re:    **Debtor:  Stacy Z. Haskins**
             **Bankruptcy Case No.: 17-42126-nhl**
             **Chapter 7**

Dear Sir or Madam:

Enclosed herewith please find one Chambers Copy of a Notice of Motion and Motion for Modification of the Automatic Stay. The appropriate filing fee in the amount of $181.00 has been paid online.

Please file this motion with the Court as it is scheduled for hearing on October 17, 2017 at 11:00 a.m.

Your assistance is greatly appreciated.

Very truly yours,

ROSICKI, ROSICKI & ASSOCIATES, P.C.

Arzoo Mamoor

Enclosures